KENNEDY v. WALCUTT.

Ohio Supreme Court.

No. 20747.   Decided March 21, 1928.

**1271.   WILLS AND LEGACIES—480.   Evidence—643. Insanity—191.   Burden of Proof—949.   Presumptions.**

1. Beneficiary under will entitled to contest another alleged will of same testator.

2. Mental condition of testator at time of making will determines testamentary capacity, and evidence of mental and physical condition within reasonable time before and after making will, admissible.

3. Adjudication of insanity of testator admissible in evidence as bearing upon testamentary capacity.

4. Every person presumed to be of sound mind. When person has been declared insane, by court of competent

jurisdiction, and is under guardianship, presumption of sanity removed and presumption of insanity arises. Where will of such person, made after such adjudication, becomes subject of will contest, burden of proof, by statute, being cast upon contestants, presumption of continuance of such insanity is rebuttable one and removed by sufficient evidence to overcome it.

5. Degree of proof necessary to remove presumption not to be confused with degree necessary to sustain burden of proof.

6. In will contest, burden of proof is cast upon contestants, and never shifts. Before jury would be justified in setting aside will, evidence against will must outweigh both evidence in favor of will and presumption arising from order of court admitting will to probate as valid last will and testament of testator.

### Error to Hancock Appeals.
### Judgment affirmed.

**DAY, J.**

1. A person who is a beneficiary under a will has such a pecuniary interest in the estate of the testator as entitles him, under Section 12079, General Code, to contest another alleged will of the same testator which would destroy, reduce or impair his share in such estate.

2. The mental condition of the testator at the time of making a will determines the testamentary capacity of such testator; and evidence of his mental and physical condition within a reasonable time before and after the making of the will is admissible as throwing light on his mental condition at the time of the execution of the will in question.

3. In an action to contest a will upon the ground of the mental incapacity of the testator, an adjudication of the insanity of the testator and the establishment of a guardianship on the ground of insanity is admissible in evidence as bearing upon the testamentary capacity of the testator at the date of the execution of such will.

4. While every person is presumed to be of sound mind, yet when a person has been declared insane by a court of competent jurisdiction and is under guardianship, the presumption of sanity is not only removed but a presumption of insanity arises. Where a will of such a person, made after such adjudication, having been admitted to probate, becomes the subject of a will contest, the burden of proof by statute being cast upon the contestants of the will, the presumption of continuance of such insanity was a rebuttable one and would be removed when sufficient evidence had been introduced to meet, extinguish, rebut, countervail or overcome such presumption arising from the adjudication of insanity.

5. The degree of proof necessary to remove a presumption is not to be confused with the degree necessary to sustain the burden of proof. When a party is not required to sustain the burden of proof upon some particular issue, a rebuttable presumption arising out of such issue may be overcome by evidence which counterbalances the evidence to sustain the presumption; however, when such party is required to assume the burden of proof upon an issue, any rebuttable presumption arising therefrom must be removed by the same degree of proof necessary to sustain the issue.

6. In a will contest, by virtue of the statute, the burden of proof is cast upon the contestant of the will and such burden never shifts from him; and before a jury would be justified in setting aside a will, the evidence adduced in the case against the will must outweigh both the evidence adduced in favor of the will and the presumption arising from the order of the Probate Court admitting the will to probate as the valid last will and testament of the testator.

(Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur. Marshall, CJ., concurs in the judgment.)

---

(Continued from Page 204)
struck after proceeding 15 feet by automobile which was 150 feet away when she started, verdict for plaintiff held not manifestly against weight of evidence.

4. Ordinance, prohibiting operation of motor vehicles at speed greater than is reasonable, and providing that certain speed shall be prima facie evidence of unreasonable speed, held not to violate Section 12608 GC., in undertaking to diminish, restrict, or prohibit Section 12603.

5. In pedestrian's action for personal injuries received when struck by automobile, jury held not misled by fact that court referred to statement of law as provision of Code similar to city ordinance instead of referring to it as city ordinance.

6. In pedestrian's action for personal injuries received when struck by automobile, expression in charge that defendant was "obliged" to travel at reasonable rate of speed held not misleading, in view of statement in other parts of charge that plaintiff must establish that defendant's negligence was proximate cause of injury.

7. In pedestrian's action for injuries received when struck by automobile, defendant cannot complain that court instructed that speed exceeding 20 miles an hour was presumptively unreasonable, whereas ordinance provided that speed exceeding 15 miles per hour was unreasonable.

8. In action by pedestrian for injuries received when struck by automobile, charge that certain speed was "presumptive evidence" of unreasonable speed rather than "prima facie" evidence held not to place added burded on defendant.

9. In action by pedestrian for injuries received when struck by automobile, evidence held sufficient to take to jury question whether place where accident occurred was "business or closely built-up" part of municipality within ordinance prescribing that speed in excess of certain limit should be prima facie evidence of unreasonable speed.

10. In pedestrian's action for injuries received when struck by automobile, exclusion of hospital record consisting of statement of case made by plaintiff's daughter not in hearing of plaintiff held not error, being hearsay, especially where it did not relate to what transpired to cause patient to be sent to hospital, except statement that she had been in automobile accident.

(Hamilton, PJ. and Cushing, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.